IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY DARNELL EDWARDS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION No. 3:10-CV-0006-M | |
| § | | |
| RICK THALER, Director, § | (Death Penalty Case) | |
| Texas Department of Criminal Justice § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS AND RECOMMENDATION TO DENY
MOTION TO STAY AND ABATE PROCEEDINGS**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Petitioner's Opposed Motion to Stay Federal Habeas Action*, received on December 15, 2010 (doc. 9). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND AND MOTION**

Petitioner was convicted of capital murder and sentenced to death in Dallas County, Texas, in November 2003. (Petition at 1). He appealed, and the Texas Court of Criminal Appeals affirmed his conviction and sentence on March 1, 2006. *Edwards v. State*, 2006 WL 475783 (Tex.Crim.App. 2006). Petitioner filed a state application for writ of habeas corpus on November 3, 2005, and the trial court denied relief on April 25, 2006. (State Habeas Record, "SHR", at 178-200.) The Texas Court of Criminal Appeals adopted the trial court's findings and denied relief on December 16, 2009. *Ex parte Edwards*, 2009 WL 4932198 (Tex.Crim.App. 2009).

Petitioner filed his federal petition for writ of habeas corpus on December 15, 2010 (doc. 6.) On that same day, he filed moved to stay and abate his federal habeas case to allow him to

return to the state court to present new unexhausted claims of ineffective assistance (doc. 9). Petitioner claims that his appellate counsel failed to appeal the erroneous denials of his challenges for cause against two jurors and trial counsel's ineffective assistance by failing to raise a Sixth Amendment fair-cross-section claim, resulting in a finding that the claim was procedurally barred from consideration in his state habeas proceeding. (Mot. at 2.) He also contends that his state habeas counsel failed to challenge the trial court's erroneous rulings on his challenges for cause, and that his trial and habeas counsel failed to discover or present available and significant mitigating evidence. (Brief at 4-5.)

Respondent argues that it would be an abuse of discretion to grant the requested stay and abatement because (1) Petitioner has not shown good cause for failing to raise these claims earlier, (2) the claims will be procedurally barred under the state abuse-of-the-writ doctrine, (3) the claims are plainly meritless, and (4) the motion seeks to further delay these proceedings. (Response at 3-9.)

## II. ANALYSIS

District courts have discretion in limited circumstances to stay a petition containing unexhausted claims so that the habeas petitioner may return to state court to exhaust those claims. *See Rhines v. Weber*, 544 U.S. 269 (2005). A stay is appropriate only when there is good cause for the failure to exhaust, however. *Id.* at 277 (citing 28 U.S.C. § 2254(b)(2)). Even where good cause exists, it is an abuse of discretion to grant a stay for unexhausted claims that are plainly meritless. *Id.*

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id*. at 278.  Death penalty cases require extra caution where there may be an incentive to delay the resolution of proceedings.  *Id.* at 277-78.

**A. Good Cause**

Petitioner claims that good cause exists for his failure to exhaust his claims because they are "newly discovered."  He argues that his federal habeas counsel recently discovered that state appellate counsel failed to raise properly-preserved juror challenge claims and ineffective assistance of trial counsel by failing to raise a fair-cross-section claim.  (Brief at 3-4, citing *United States. Ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1043 (N.D. Ill. 2008) and *Ortiz v. Barkley*, 489 F. Supp. 2d 369, 371 (S.D.N.Y. 2007)).

The Fifth Circuit has implied that the "good cause" showing under *Rhines* requires the same showing of cause-and-prejudice or manifest injustice necessary to excuse a procedural default.  *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010).  Because the ineffective assistance of state habeas or post-conviction counsel "cannot serve as cause for a procedural default", it cannot serve as "good cause".  *Williams*, 602 F.3d at 308 (quoting *Matchett v. Dretke*, 380 F.3d 844, 849 (5th Cir.2004)).

Acknowledging this, petitioner responds that "the Fifth Circuit found that in certain cases equity can prevail over the failure to first present the claim to state courts, when both trial and habeas counsel have failed to perform their duties" in *Ruiz v. Quarterman*, 504 F.3d 523, 530-531 (5th Cir. 2007).  (Brief at 4.)  *Ruiz* did "not deal[] with the equities of considering an unexhausted claim", however; it re-considered the dismissal of a claim under Fed. R. Civ. P.

3

60(b) after the claim had been exhausted in a subsequent state habeas proceeding. *Id.* at 531.[1] Petitioner has not shown that the ineffective assistance of state habeas counsel could excuse his failure to exhaust his claims or support a finding of good cause, and his motion to stay may be denied on this basis.

**B. Potential Merit**

Petitioner also acknowledges that the Fifth Circuit has already found that procedurally defaulted claims are not potentially meritorious but argues that his unexhausted claims fall within an exception to successive petitions. (Brief at 4.) He does not specifically address the potential merit of each of his unexhausted claims.

Claims that would be barred in a successive state habeas application under the state abuse-of-the-writ doctrine lack potential merit. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ application. *See* TEX.CODE CRIM. PROC. ANN. art. 11.071, § 5(a) (Vernon 2007). Under this statute:

> If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> > (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article

---

[1] There is also no indication that the State of Texas interfered with Petitioner's rights by re-appointing the same counsel that represented him at trial to represent him on appeal over his objection, as in *Ruiz. See* 504 F.3d at 530. Likewise, Petitioner's state habeas counsel does not appear to have been "appallingly inept" or "egregiously deficient", *see id.,* having developed one of the claims Petitioner now asserts.

>    11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;
>
>    (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; or
>
>    (3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071, 37.0711, or 37.072.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss such claims if made in a successive habeas petition under article 11.071, § 5. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"). The claims at issue could have been raised in Petitioner's prior state habeas application, and he has not otherwise shown that these claims would not be barred in a subsequent state habeas action.

In addition, his claim of ineffective assistance of trial counsel for failing to litigate a fair-cross-section claim appears to have been exhausted. The third claim in his state habeas application was a fair-cross-section claim that was found to have been waived because trial counsel did not raise it in a timely complaint to the trial court. (SHR at 48-52, 185; State Habeas Findings, "SHF", Nos. 33-36.) It was alternatively denied on the merits. (SHF Nos. 37-72; SHR at 186-194.) In his fourth state habeas claim, Petitioner raised the ineffectiveness of trial counsel for failing to present a fair-cross-section challenge to the jury venire. (SHR at 53-54.) This claim was denied on the merits. (SHF Nos.73-77; SHR at 194-195.) Therefore, no unexhausted

5

fair-cross-section claim has been identified that is presently available to Petitioner. He has therefore not satisfied the requirement to show potential merit to justify an abatement under *Rhines*. Again, this alone would require the denial of Petitioner's motion to stay.

**C. Intent to Delay**

Respondent argues that Petitioner seeks to delay the proceedings because although he could have filed his federal petition much earlier, and the limitations period would have been tolled while he attempted to exhaust his new claims, he waited until the last day of his one-year limitations period to file his federal habeas petition and motion to stay. (Response at 9.) The appointment of counsel to file this federal habeas petition does not include the filing of another state habeas petition prior to the time that any federal petition is filed. *Harbison v. Bell*, ___ U.S.____, 129 S.Ct. 1481, 1488, 173 L.Ed.2d 347 (2009), specifically excludes that scenario from the otherwise comprehensive authority given federally-appointed counsel to act and be compensated during his federal appointment.[2] No intent to delay is apparent on this basis. A closer question is presented by the attempt to return to state court to relitigate the fair-cross-section claim that appears to have been exhausted and found to be without merit. (*See* SHR at 53-54, 194-95; SHF Nos. 73-77.) Nevertheless, no finding is required on respondent's claim because Petitioner has not shown good cause or potential merit to support a stay and abatement.

### III. CONCLUSION

The motion to stay and abate these proceedings (doc. 9) should be denied.

---

[2] In *Harbison*, the Supreme Court noted "subsection (e) authorizes counsel to represent her client in 'subsequent' stages of available judicial proceedings. State habeas is not a stage 'subsequent' to federal habeas. Just the opposite: Petitioners must exhaust their claims in state court before seeking federal habeas relief." *Id.* (citing 28 U.S.C.§ 2254(b)(1)).

**SO ORDERED on this 15th day of August, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE