IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY DARNELL EDWARDS, | § § | |
| *Petitioner*, | § § | |
| V. | § § | Civil Action No. 3:10-CV-6-M |
| LORIE DAVIS, Director, Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | (Death Penalty Case) |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING LEAVE TO PROCEED *EX PARTE* AND SETTING SCHEDULE**

Petitioner Terry Darnell Edwards has filed a motion for leave to proceed *ex parte* (Motion, doc. 74) and has tendered an *ex parte* application for funding (doc. 75). As with his prior motion for leave to proceed *ex parte*, no certificate of conference was included.

Although Edwards' motion for leave discusses the requirement set out in 18 U.S.C. § 3599(f), which provides that "[n]o ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality," he provides little case-specific information in support. He asserts that the correct procedure to follow was set forth in *Patrick v. Johnson*, 37 F. Supp. 2d 815, 816 (N.D. Tex. 1999), which required that the statement of need for confidentiality "merely must identify generically the type of services needed and the broad issue or topic (e.g. innocence) for which the services are necessary." (Mot. at 6-7.) In making his attempt to satisfy that procedure, however, Edwards stated that he "requests the authorization of expert funds in order to develop issues concerning the forensic evidence and related argument advanced at Mr. Edwards's trial and to prepare a full assessment of

the performance of the State and defense counsel, respectively, in relation to his prosecution." (Mot. at 9.) This description does not reveal the type of services sought beyond "forensic evidence," which could merely refer to the fact that the evidence is sought for legal proceedings. Further, the motion does not identify what "issues concerning forensic evidence" might be raised. This is such a vague description that it could include issues related to actual innocence, mitigation, prosecutorial misconduct, ineffective assistance of trial counsel, and/or something entirely different. It also does not provide any clue regarding the number of experts that may be sought and whether the total amount of sought funds would exceed any presumptive limits.

The confusion created by the ambiguous motion reveals that it either does not comply with the *Patrick* procedure or that the procedure itself is inadequate, as has been observed in subsequent opinions. *See Robertson v. Stephens,* No. 3:13-CV-0728-G, 2013 WL 2658441, at *2 (N.D. Tex. June 13, 2013) (Fish, Sr. J.; *Threadgill v. Thaler,* No. 3:05–CV–2217–D, slip op. at 2 n. 2 (N.D. Tex., Oct. 11, 2012) (Fitzwater, C.J.); *Ruiz v. Thaler,* No. SA–03–CA–303–OG, slip op. at 2 (W.D.Tex., Aug.31, 2011) (Garcia, J.) (finding that under *Patrick* "it is unnecessary for a petitioner to explain in clear and concise terms why secrecy is necessary in a particular case before a petitioner may solicit in an *ex parte* manner unlimited federal funding for investigative and expert expenses and fees."). In either event, the required showing to proceed *ex parte* has not been made. *See Jones v. Stephens,* No. 4:05-CV-638-Y, 2014 WL 2446116, at *1 (N.D. Tex. May 30, 2014) ("Funding motions, in the Court's experience, have a significant potential for abuse when Respondent is denied the opportunity to address the accuracy of the assertions supporting them.") (Means, J.).

Further, the motion does not comply with this Court's rules. Local Rule 7.1 provides that "[b]efore filing a motion, an attorney for the moving party must confer with an attorney for each

2

party affected by the requested relief to determine whether the motion is opposed." Certifying that a motion is not opposed can expedite the process by allowing the Court to rule before the 21 days allowed for a response under the same rules. In light of the execution scheduled for January 26, the Court will strike the deficient motion for lack of the required certification and set forth an expedited process for the consideration of any properly filed motion for leave to proceed *ex parte*.

The motion for leave to proceed *ex parte* (doc. 74) and *ex parte* application for funding (doc. 75) are **STRICKEN**. If Edwards desires to proceed *ex parte* to request expert funding in preparation for the January 26 execution, he must file on or before **December 27, 2016** a motion for leave to proceed *ex parte* that shows the need for confidentiality in the specific relief sought *ex parte*, including the specific type or types of expert and/or investigative services that are being sought, the specific legal issues that the services are intended to support, and whether the total amount of funding would exceed the presumptive limits and require circuit approval. Edwards' motion must also include a certificate of conference that indicates whether the sought leave and sought *ex parte* relief is opposed.

Respondent may file on or before **December 30, 2016** a response to the motion for leave to proceed *ex parte*, that may include a response to the sought leave and any referenced *ex parte* application.

**SO ORDERED** this 23 day of December, 2016.

BARBARA M. G. LYNN
CHIEF JUDGE

3