IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY DARNELL EDWARDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 3:10-CV-6-M |
| | § | |
| LORIE DAVIS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER ON MOTIONS FOR LEAVE

Petitioner Terry Darnell Edwards has filed a renewed motion for leave to proceed *ex parte* in seeking expert funding. (Motion to Proceed *Ex Parte*, doc. 77.) The certificate of conference indicates that it is opposed. (Mot. at 22.) No response, however, was filed within the time allowed by this Court's prior order. (Mem. Op. and Order, doc. 76.) Respondent has filed a motion for leave to file an out-of-time response (Motion to Extend Time, doc. 78), and has tendered her proposed response (Response, doc. 79). Petitioner has filed a motion for leave to respond to Respondent's motion (doc. 80), along with his proposed response in opposition (Opposition to Extension of Time, doc. 81).

In order to properly consider each motion for leave, the Court will address the motions for leave in the reverse order of their filing.

I

Petitioner has filed an unnecessary motion for leave to respond to Respondent's motion for leave. The Court may consider Petitioner's response in opposition to Respondent's motion for leave

without another motion for leave. Therefore, Petitioner's motion for leave to file response in opposition (doc. 80) is **DENIED** as unnecessary.

## II

Respondent has filed a motion for leave to respond out-of-time to Petitioner's motion for leave to proceed *ex parte* (Mot. to Ext., doc. 78). Petitioner has filed his response in opposition to this motion for leave (Opp. to Ext., doc. 81). Petitioner argues that Respondent's counsel knew of the filing of his motion and of Respondent's deadline to respond because (1) an email was sent to lead counsel for Respondent that resulted in an automated message that counsel was out of the office until after the deadline and (2) a brief conversation with another counsel for Respondent in which Petitioner's counsel discussed "the nature of her intended filing pursuant to this Court's December 23 order." (Opp. to Ext. at 2.) This allegation does not indicate whether Respondent actually received the December 23 order or knew of any deadlines imposed on Respondent.

Petitioner's allegations do not specify what was told to Respondent's counsel in that brief conversation, and specifically whether Petitioner's counsel told Respondent that any unsealed order had been entered that imposed deadlines upon Respondent. While there appears to be some confusion regarding the correct email address for Respondent's lead counsel, this Court finds that she did not know of the extremely short deadline that expired before she returned to work. In light of the circumstances of this case, the benefit of having Respondent's information before the Court, and the fact that the Court has not yet ruled on the motion for leave to proceed *ex parte*, Respondent's motion should be granted.

Respondent's motion for leave (doc. 78) is **GRANTED**, and the Court will consider Respondent's response (doc. 79) in ruling on Petitioner's motion for leave to proceed *ex parte*.

2

## III

Petitioner has filed a motion for leave to proceed *ex parte* in an application to fund expert assistance (Mot., doc. 77). Respondent's response in opposition (Resp., doc. 79) is before the Court. The recent history of this case bears on the issues before this Court.

In previously granting Petitioner leave to proceed *ex parte*, this Court issued a caution. Thirty-seven days before the prior execution setting, this Court found

> Edwards is scheduled for execution on October 19, 2016, and is entitled to the assistance of counsel under § 3599 in the investigation and presentation of a clemency application in accordance with state law. *See Harbison v. Bell,* 556 U.S. 180, 194 (2009). Closer to the date that this application is due under 37 Tex. Admin. Code § 143.43, the Court will have more concern about proceeding *ex parte*, which can create unnecessary obstacles and delay.

(Order, doc. 61, at 1.) Unnecessary obstacles and delay have resulted from Petitioner's attempts to proceed *ex parte*.

The state law provision referenced in that September 12 order requires a clemency application to be filed at least twenty-one calendar days before a scheduled execution. The current execution date is January 26, 2017. Therefore, the clemency application is due under this provision by today, January 5, 2017. If Petitioner truly seeks pre-authorization for expert assistance that requires not only this Court's recommendation but also Circuit approval before the sought services can be performed, even his December 20 motion for leave was effectively filed too late for the clemency application.

In his December 20 motion, Edwards did not include the certificate of conference required by LR 7.1. In striking that motion and *ex parte* filing on December 23, this Court noted that Respondent would normally have 21 days to respond to the motion. (Mem. Op., doc. 76, at 3.) The

Court then set an extremely expedited schedule for any refiled motion, specified requirements to support a need for confidentiality, explaining that his description of expert services to develop "forensic evidence" did not identify the type of expert assistance sought and the specific issues that such services are intended to support. In his refiled motion, Petitioner again does not identify the specific type of experts sought beyond "two forensic experts." (Mot. at 10.) Respondent complains that this "vague motion has not provided the Respondent with a meaningful opportunity to supply this Court with relevant information concerning whether the requested services are necessary." (Resp. at 5.)

This Court's December 23 order also required that a refiled motion to proceed *ex parte* "must also include a certificate of conference that indicates whether the sought leave **and sought *ex parte* relief** is opposed." (Mem. Op. at 3) (emphasis added). Edwards' refiled motion for leave does not certify whether Respondent opposes the *ex parte* relief being sought, but merely that "Respondent generally opposes motions to proceed *ex parte*." (Mot. at 22.) Petitioner's failure to comply with this requirement appears more significant in light of the importance that both parties have attached to their communications regarding that order and the re-filed motion.

This Court's December 23 order struck not only the earlier motion for leave to proceed *ex parte*, but also the tendered *ex parte* application. Although the re-filed motion states that an *ex parte* application is filed simultaneously (Mot. at 1, 9, 11, 21), Petitioner has not re-filed any *ex parte* application and has not requested that his Court re-file or reconsider the *ex parte* application that was stricken. If leave is granted to proceed *ex parte*, the Court would have to either wait for another *ex parte* application to be filed or assume that Petitioner intended that the Court re-file and reconsider the stricken application *sua sponte*. This confusion is another indication that Petitioner has not

4

followed the *Patrick* procedure that he argues is the proper one. (Mot. at 7-8 (citing *Patrick v. Johnson*, 37 F. Supp. 2d 815 (N.D. Tex. 1999).)

Since the motion was filed too late to obtain pre-authorization for expert assistance in the preparation of his state clemency application, Petitioner must either intend that this Court retroactively pre-authorize the expert services or seek the expert services for a purpose other than clemency. Since retroactively pre-authorizing the services would disregard the requirement for pre-authorization, this alternative is not favored. *See* 18 U.S.C. § 3006A(e)(2). The alternative would appear to anticipate the filing of a successive habeas petition. Because this Court is without jurisdiction to conduct successive habeas proceedings without authorization from a three-judge panel of the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3)(B), it is not clear that this Court has jurisdiction to authorize funding for expert or investigative services in such proceedings without circuit approval. And since any claims to be raised in such proceedings would appear to be unexhausted and subject to a procedural bar and a time bar,[1] it would not be appropriate to resolve those issues in *ex parte* proceedings.

Petitioner argues that because Congress intended to provide enhanced representation for death-sentenced inmates, requiring such an inmate to make a showing of need for confidentiality before allowing him to proceed *ex parte* would run counter to those protections because noncapital inmates do not have the same restriction. (Mot. at 13-19 (citing *Martel v. Clair*, 132 S.Ct. 1276 (2012).) However, Petitioner compares the requirement of 18 U.S.C. § 3599(f) to the provisions for pretrial representation of noncapital inmates where a constitutional right to counsel is guaranteed.

---

[1] *See, e.g., Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004) ("A petitioner cannot show a substantial need when his claim is procedurally barred from review."); *Crutsinger v. Stephens*, 576 F. App'x 422, 429 (5th Cir. 2014).

No such guarantee exists for noncapital inmates in postconviction habeas corpus proceedings, particularly for successive habeas proceedings, and noncapital habeas petitions are normally filed by these inmates *pro se.*

Petitioner also argues that to not allow him to proceed *ex parte* would result in a premature disclosure of information concerning his experts. Again, he relies upon case law discussing the pretrial stage. (Mot. at 12-13 (citing *United States v. Bodkins,* No. CIV.A. 4:04-CR-70083, 2005 WL 1907220 (W.D. Va. May 11, 2005).) Edwards' case is in a very different posture, years after the original trial, direct appeal, state and federal habeas proceedings have concluded and two execution dates have been rescheduled. It is hard to imagine how the disclosure of expert information regarding the forensic evidence of the crime less than a month before a scheduled execution can be considered "premature." Petitioner's arguments for proceeding *ex parte* are not persuasive.

Petitioner's motion for leave to proceed *ex parte* (doc. 77) is **DENIED**.

In the alternative, if the previously stricken *ex parte* application (doc. 75) were properly before the Court, it would be denied. In addition to the jurisdictional and practical issues discussed above, Petitioner did not show a reasonable need for the requested pre-authorization. Specifically, counsel attached two reports indicating the expert evaluations had already been performed, but did not make clear what essential expert services remained to be performed that could not have been completed already, and did not explain the delay in requesting pre-authorization since those reports were made. Without pre-authorization, compensation for such services is generally limited to $800 per expert. *See* 18 U.S. Code § 3006A(e)(2).

Petitioner may yet attempt to show the impracticality of obtaining prior authorization in connection with requesting payment for the expert services that have been rendered, but such a request would not have the same level of urgency as a request for pre-authorization to obtain such services in the first place.

**SO ORDERED** this 5th day of January, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE