IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY DARNELL EDWARDS, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| V. | § | Civil Action No. 3:10-CV-6-M |
| | § | |
| LORIE DAVIS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER
## TRANSFERRING SUCCESSIVE HABEAS PETITION

On this day, Petitioner Terry Darnell Edwards, a Texas death-row inmate set for execution today, filed a document purporting to be a motion to alter or amend judgment under Rule 60(b) of the Federal Rules of Civil Procedure (Motion, doc. 95). Because Edwards' new motion for relief under Rule 60(b) again seeks to advance new claims, it is also considered a successive petition that this Court lacks jurisdiction to consider and is transferred to the United States Court of Appeals for the Fifth Circuit along with the request to stay his execution.

## I. PROCEDURAL HISTORY

The procedural history of this case was recently set forth in this Court's Memorandum Opinion and Order of January 19, 2017. (Mem. Op., doc. 91.)

## II. GROUNDS

Edwards' motion for Rule 60(b) relief seeks to reopen the habeas corpus proceedings for the purpose of presenting new claims for habeas relief that his counsel on direct appeal to the Texas Court of Criminal Appeals provided ineffective assistance for failing to comply with the applicable

deadlines, failing to request oral argument, and "further grounds" alleged to address "deeply disturbing constitutional infirmities." (Mot. at 2-5.) Some of these new claims are referenced in Edwards' prior motion asserted under Rule 60(b) that was found to constitute a successive habeas petition, such as his complaints concerning the prosecutor's practice of obtaining agreements with the defense to excuse minority jurors. (Doc. 83 at 8-9.) Edwards requests that the prior judgment be vacated "whereupon counsel would provide further grounds to amend the appellate counsel ineffectiveness claim concerning the jury selection process" (Mot. at 4-5), and argues that he would relate these new "jury selection claims back to the sixth claim in his original, timely filed petition." (Mot. at 6.) Edwards also requests a stay of his execution. (Mot. at 7.)

## III. LAW

As set out in this Court's prior Memorandum Opinion and Order (doc. 91), a habeas petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of

2

Appeals before Edwards may file his application in federal district court. *Id.* § 2244(b)(3).

## IV. ANALYSIS

A previous habeas challenge to his conviction has been denied by this Court. *See Edwards v. Thaler,* No. 3:07-cv-1284-P, 2011 WL 1666937 (N.D. Tex. May 3, 2011), *COA denied,* 695 F.3d 372 (5th Cir. 2012), *cert. denied,* No. 12-7748, 2013 WL 1091816 (Mar. 18, 2013). As with his prior motion seeking relief under Rule 60(b), the threshold jurisdictional question is whether Edwards' motion advances one or more claims that were, or could have been, made in the earlier petition.

### A. *Jurisdiction*

In *Gonzalez v. Crosby,* 545 U.S. 524 (2005), the Supreme Court found that a motion filed under Rule 60(b) should be construed as a successive petition under § 2244 when it seeks to advance one or more "claims." Just as in his first motion seeking Rule 60(b) relief, Edwards' current motion sets forth its purpose is to set aside the prior judgment so that he may assert "further grounds to amend the appellate counsel ineffectiveness claim concerning the jury selection process" (Mot. at 4-5) and make new claims that he argues would relate "back to the sixth claim in his original, timely filed petition." (Mot. at 6.) As in his first such motion, Edwards plainly seeks to reopen his case to present new claims.

"Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction–even claims couched in the language of a true Rule 60(b) motion–circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez,* 545 U.S. at 531 (citing § 2244(b)(2)). In announcing this rule, the Supreme Court cited with approval the opinion in *Harris v. United States,* 367 F.3d 74 (2d

Cir. 2004), in which the United States Court of Appeals for the Second Circuit rejected an attempt to reopen a case under Rule 60(b) to present a claim that was missed because of the asserted ineffective assistance of prior federal habeas counsel. The Supreme Court observed that "[i]n most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify." *Gonzalez,* 545 U.S. at 532.

Since Edwards seeks to add new grounds for relief from his state-court conviction and sentence, his motion "advances one or more claims" under this standard. Because he seeks to raise claims "challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition," it is successive. *In re Sepulvado,* 707 F.3d 550, 553 (5th Cir. 2013) (quoting *In re Cain,* 137 F.3d 234, 235 (5th Cir.1998)). Therefore, his motion is a successive habeas petition that requires Circuit authorization before this Court has jurisdiction under 28 U.S.C. § 2244(b).

### B. *Rule 60(b) Relief*

Edwards again asserts that he is not attacking the substance of the federal court's denial of relief, but challenging a defect in the integrity of the federal habeas proceedings, and argues the same "abandonment" by his federal habeas counsel that he presented in his prior motion. (Mot. at 1-2, 4.) This Court granted a certificate of appealibility on that issue, and the United States Court of Appeals for the Fifth Circuit expressly rejected that argument. *See In re Edwards,* Nos. 17-10066, 17-70003 (5th Cir. Jan. 25, 2017). Therefore, this issue is foreclosed.

### C. *Successive Petition*

Edwards seeks to reopen the prior proceedings to make new claims that were not, but could have been, asserted by prior federal habeas counsel. His motion constitutes a successive habeas

petition that requires authorization under 28 U.S.C. § 2244(b)(3). Because the Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 petition, this Court is without jurisdiction to do so. This Court may either dismiss the motion for lack of jurisdiction, or it may transfer it to the Court of Appeals. *See In re Hartzog*, 444 F. App'x 63, 654 (5th Cir. 2011) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

"Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). These concerns are heightened when considering whether to stay an execution. *See, e.g., Ford v. Wainwright*, 477 U.S. 399, 411 (1986) (discussing special concerns arising in capital proceedings leading up to an execution); *Hearn v. Thaler*, No. 3:12–CV–2140–D, 2012 WL 2715653 (N.D. Tex., July 9, 2012) (Fitzwater, C.J.). The Court finds that it is in the interest of justice to transfer the motion to the Court of Appeals rather than dismiss.

### D. *Request to Stay Execution*

In the prayer for relief of his motion to obtain Rule 60(b) relief, Edwards requests that this Court stay his execution and stay these proceedings "pending the Supreme Court's determination in *Davila v. Davis*, 16-6219." (Mot. at 7.) This Court's jurisdiction to grant these motions relies upon jurisdiction to consider the motion to obtain Rule 60(b) relief. Because this Court lacks jurisdiction over the motion for Rule 60(b) relief, it lacks jurisdiction to rule on these motions as well. *See In re Edwards*, Nos. 17-10066, 17-70003, slip op. at 17-18. Further, because the Court of Appeals has already "rejected this vehicle to reopen the final judgment, Edwards has not 'made a strong showing that he is likely to succeed on the merits' of his Rule 60(b) claim." *Id.* (quoting *Diaz v. Stephens*, 731 F.3d 370, 379 (5th Cir. 2013)). It is in the interest of justice to transfer this

5

request to the Court of Appeals as well.

\* \* \*

Edwards' motion for relief under Rule 60(b) (doc. 95) is a successive application for habeas relief and is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002).

The Clerk of Court is **DIRECTED** to open for statistical purposes a new civil action (nature of suit 535 – death penalty habeas corpus – assigned to the same district judge) and to close the same on the basis of this Order.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Petitioner has previously been allowed to proceed in forma pauperis and this status is continued for purposes of appeal. (Mem. Op. and Order, doc. 22, at 29.)

**SO ORDERED** this 26th day of January, 2017.

BARBARA M. G. LYNN
CHIEF JUDGE